## THE SHACKAMAXON.

### THE CITY OF COLUMBIA.

STARIN'S CITY, RIVER & HARBOR TRANSP. CO. v. OLD DOMINION STEAMSHIP CO.

STARIN v. SAME.

(Circuit Court of Appeals, Second Circuit. February 14, 1895.)

Nos. 63 and 64.

COLLISION BETWEEN STEAMERS—CROSSING COURSES.

A ferryboat in New York harbor, crossing from Ellis Island to the barge office, east of the Battery, and a steamship coming up from sea, discovered each other when about half a mile apart. The steamship blew one whistle, and ported her wheel, and on seeing that the ferryboat did not reply, or change her course or speed, stopped and reversed her engines; but the vessels collided, the steamship striking the starboard side of the ferryboat abaft the wheel. *Held* that, as the vessels were on crossing courses

when they discovered each other, the ferryboat then having the other on the starboard bow, and failing afterwards to pay any attention to her movements, was solely in fault, the steamship having done all in her power to avoid collision after having reason to suppose that the ferryboat would not avoid her.

Appeals from the District Court of the United States for the Eastern District of New York.

These were libels for a collision between the steamship City of Columbia and the steam ferryboat Shackamaxon,—the first by the Old Dominion Steamship Company, owner of the steamship, against the ferryboat (Starin's City, River & Harbor Transportation Company, claimant); the second by John H. Starin, owner of the ferryboat, against the steamship (the Old Dominion Steamship Company, claimant). The district court found the ferryboat in fault, and rendered a decree against her on the first libel, and dismissed the second libel. The claimant and owner of the ferryboat appealed.

At the time of the collision, the weather was clear. It was daylight, and the tide was flood. The steamship had come in from sea, on one of her regular trips from Norfolk, Va., and was proceeding up the bay, at a speed of about 12 miles an hour, to her pier, at the foot of Beach street, New York City. The ferryboat was on one of her regular trips from Ellis Island to the barge office at the Battery. After leaving her slip, on the southerly side of the island, and passing to the southeast, beyond the easterly line of the anchorage grounds, her general course was about east. As she came out from among the vessels anchored off the island, she was discovered by the steamship, which was coming up the channel, and then half a mile below. The steamship blew a signal of one whistle, and ported her wheel. The ferryboat did not answer the signal, and kept on her course, at full speed. Thereupon, the steamship's engines were stopped and reversed, but the vessels came together, the stem of the steamship striking the ferryboat on her starboard side, abaft the wheel, and both were damaged.

The steamship claimed that it was the duty of the ferryboat to keep out of the way, and that she failed in this duty, by reason of her omission to keep a proper lookout. The ferryboat claimed that the steamship was an overtaking vessel, and was bound, therefore, to avoid the ferryboat.

The opinion rendered on the hearing in the district court was as follows (Benedict, District Judge.):

"In my opinion, the collision between the steamship City of Columbia and the ferryboat Shackamaxon, which gave rise to these actions, was caused by the neglect of those on board the Shackamaxon to observe the course of the City of Columbia as she came up the bay. They acted on the assumption that the City of Columbia was continuing on a course which would carry her under their stern, when, if they had given proper attention, they would have observed that the City of Columbia had hauled back into the stream, and would have avoided her. For this neglect the ferryboat Shackamaxon must be held liable in the first action, and the libel in the second action must be dismissed, with costs."

Goodrich, Deady & Goodrich, for appellants.

Frank D. Sturges, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The decrees of the district court in these causes, adjudging the Shackamaxon solely in fault for the collision, apparently proceeded upon the ground that the courses on which the vessels were proceeding when they discovered one another, and were about half a mile apart, were crossing courses, and the Shackamaxon had the Columbia on her starboard bow, and that from

that time the Shackamaxon failed to pay any attention to the movements of the Columbia, and wholly disregarded her obligation to avoid her. There is nothing in the record which warrants us in disturbing this conclusion. The evidence is that the Columbia did all in her power to avoid collision after she had sufficient reason to suppose that the Shackamaxon would not fulfill the obligation resting upon her. The decrees are affirmed, with interest to the appellee, and costs of the district court and of this court, with instructions to the district court accordingly.